■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LOMBARDO, Appellant. — Judgment of the County Court, Nassau County (Thorp, J.), rendered May 19, 1982, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STUBBS, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Ingrassia, J.), rendered November 17, 1981, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant, represented by assigned counsel, pleaded guilty to the second count of the indictment pending against him in full satisfaction of the indictment. The plea was also to cover an assault charge pending in the Village Court, Orange County. The court stated the factual basis of the charge and that a plea of guilty was equivalent to a jury verdict convicting him of the charge. Defendant was also told what sentence would be imposed upon a guilty plea. The court asked whether defendant had discussed the matter with his attorney and defendant replied affirmatively. He also admitted that no other promises had been made. The sentence which was promised was, in fact, imposed. When defendant sought to withdraw his guilty plea he alleged his innocence and claimed that his assigned counsel made a sentencing promise to him which was broken. Defendant's attorney prepared an affidavit to be signed by defendant in support of his motion to withdraw his guilty plea but defendant refused to sign it. On appeal defendant concedes that the off-the-record representations of his attorney are not sufficient grounds for withdrawal of his plea (see, e.g., *Matter of Benjamin S.,* 55 NY2d 116, 120-121), but he continues to maintain his innocence. Defendant's contention is totally unsubstantiated and without support in the record. Such bare allegations do not lend support for withdrawal of a plea (see *People v Dixon,* 29 NY2d 55, 56; cf. *People v Outlaw,* 73 AD2d 677; *People v Hall,* 56 AD2d 893). As we stated in *People v Brundage* (83 AD2d 579, 583) "[t]he failure to present an affidavit by the defendant constituted a significant and crucial omission". We have considered and find no merit in the additional contentions. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.