■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILDO GALLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered July 25, 1985.

Ordered that the judgment is affirmed *(see, People v Tinsley,* 35 NY2d 926; *People v Lowrance,* 41 NY2d 303; *People v*

*Stubbs,* 92 AD2d 923). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 2, 1983, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the trial court erred in permitting him to proceed *pro se* at trial. We disagree.

It is axiomatic that in order for a defendant's waiver of his constitutional right to counsel to be effective, the trial court must determine whether the defendant is acting knowingly, intelligently and voluntarily *(see, People v McIntyre,* 36 NY2d 10; *People v Whitted,* 113 AD2d 454, *lv denied* 67 NY2d 952). Once the defendant elects to waive counsel, the only obligation of the trial court is to insure that he is aware of the dangers and disadvantages of self-representation before allowing him to proceed *pro se (see, People v Vivenzio,* 62 NY2d 775, 776). In the case at bar, the trial court clearly met its responsibility. Between the date of the defendant's arraignment on January 13, 1983, and the commencement of the hearing and trial on September 19, 1983, the defendant had three different retained counsel. Throughout that period, the trial court granted the defendant several adjournments to permit him to retain further counsel, and warned him of the perils of self-representation. On the date of trial, the defendant appeared without counsel and stated that he would proceed *pro se.* The court offered to assign a Legal Aid attorney as standby counsel; however, the defendant declined the offer, and the trial court proceeded with the suppression hearing. Several days later, on September 22, 1983, the defendant asked the court to appoint counsel to assist him with the "legal technicalities". The court complied with the defendant's request and the following day an attorney appeared in the capacity of the defendant's legal advisor. That counsel was apparently present throughout the remainder of the trial proceedings.

In view of the foregoing, it is clear that the defendant knowingly, voluntarily and intelligently waived his right to counsel. On this point it is significant to note that the defendant fully understood the English language, was 41 years of age and was an established businessman *(see, People v Whit-*

*ted,* 113 AD2d 454, *supra).* Moreover, the trial court, on more than one occasion, informed the defendant about the dangers of proceeding *pro se.* Finally, the defendant was provided with an attorney to act as his legal advisor throughout the trial. Thus, the defendant's rights were not violated.

In conclusion, we note that the defendant's present contention, that the Suffolk County Department of Corrections obstructed the preparation of his defense, was raised and rejected in a habeas corpus proceeding. However, the defendant did not appeal the judgment denying the writ in part, and, in any event, the issue is not now before us on the instant appeal.

Concerning the issues raised by the defendant *pro se,* we conclude that none of the claimed instances of the trial court's partiality prevented the jury from arriving at an impartial judgment on the merits *(see, People v Moulton,* 43 NY2d 944, 946). We further conclude that the court's ruling *in limine* concerning the defendant's prior acts of misconduct was correct in view of the defendant's representation that he intended to call witnesses to testify to his reputable character *(see, People v Alamo,* 23 NY2d 630, 634, *cert denied* 396 US 879; *People v Hunter,* 88 AD2d 321, 322; Richardson, Evidence § 154 [Prince 10th ed]). Finally, the trial court did not commit reversible error in admitting into evidence testimony concerning the defendant's uncharged crimes since this evidence was probative as to the circumstances leading up to the crime charged in the indictment *(see, People v Vails,* 43 NY2d 364, 368).

The defendant's remaining contention is unpreserved *(see, People v Teeter,* 47 NY2d 1002). Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.