■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KLOS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 3, 1990, convicting him of burglary in

the third degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction for criminal mischief in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the defendant's guilt of burglary in the third degree was established beyond a reasonable doubt. However, we agree with the defendant that his conviction of criminal mischief in the third degree must be reversed and that count of the indictment dismissed.

The defendant was charged with, *inter alia,* criminal mischief in the second degree. At no time prior to the court's charge did either party request that the court charge the jury with the lesser-included crime of criminal mischief in the third degree. Nor did the court indicate that it would submit the lesser included offense to the jury. During its charge, the court instructed the jury as to criminal mischief in the second degree. The jury, however, was given a verdict sheet which misstated that the crime charged was criminal mischief in the third degree. The jury returned a verdict of guilty on the count of criminal mischief in the third degree. The error was never discovered by the court. Since the jury did not render a verdict on the charged offense, we must dismiss this count of the indictment *(see, People v Worthy,* 178 AD2d 454).

The defendant's claim that the People improperly cross-examined him about pending criminal charges is unpreserved since defense counsel failed to request a *Sandoval* hearing and failed to make specific objections to the prosecutor's questions at the trial *(see, People v Pavao,* 59 NY2d 282; *People v McDowell,* 47 NY2d 858; *People v Brito,* 179 AD2d 666; *People v Young Boom Kim,* 170 AD2d 707; *People v Flowers,* 134 AD2d 611). In any event, once the defendant decided to put forward character evidence attesting to his reputation for respecting the property of others, the People were entitled to rebut this evidence by asking the defendant about other pending criminal charges involving the destruction of property *(see, People v Betts,* 70 NY2d 289). While the court ruled that the prosecutor could cross-examine the defendant as to these pending charges beforehand so that the questioning "would flow", rather than waiting until after the character witnesses testified, we find that this modest departure from

the normal rules of procedure was well within the court's discretion *(see, People v Smith,* 166 AD2d 385; *People v Gonzalez,* 131 AD2d 778; *People v Harami,* 93 AD2d 867) and, in any event, did not prejudice the defendant *(see, People v Crimmins,* 36 NY2d 230).

Nor do we find that the defendant was denied effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137). The defense counsel's failure to request a *Sandoval* hearing did not, by itself, indicate that he was ineffective *(see, People v Gonzalez,* 161 AD2d 798; *People v Elliott,* 124 AD2d 673; *People v Mackey,* 155 AD2d 297).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.