*209 OPINION OF THE COURT
Leonard P. Rienzi, J.
Defendant moves to withdraw his plea of guilty to attempted criminal sale of a controlled substance in the third degree, entered before me on July 1, 1992.
Defendant, using the alias David Martinez for the first time, was arrested on May 7, 1992 on the instant case and arraigned in Criminal Court on May 8, 1992. He was released on his own recognizance when an erroneous NYSID arrest sheet indicated this was defendant’s first arrest. Defendant failed to appear in court on the next adjourned date and a bench warrant was issued. When indictment No. 5667/92 was filed, the case was transferred to Supreme Court. On June 15, 1992, in ACA 120, the defendant failed to appear and a bench warrant was again ordered for defendant’s arrest. The defendant was involuntarily returned to court on June 30, 1992, and on July 1, 1992, with the attorney assigned to represent him on May 8, 1992 present, he was arraigned on the indictment. Under the court’s misconception that the indictment represented defendant’s first and only arrest, defendant pleaded guilty to one reduced count in satisfaction of a three-count indictment and was promised a sentence of one day in jail and five years’ probation. During the plea allocution the court specifically stated to defendant that its sentence promise was based on the fact that this was defendant’s first arrest. Defendant said nothing. Defendant was released on his own recognizance and told to return to court for sentencing. Defendant was admonished by the court that if he did not appear on his scheduled sentence date, he would face up to 15 years in State prison. Defendant did not appear on his scheduled sentence date, August 27, 1992, and a bench warrant was ordered. On that date, the People informed both the court and defense counsel that the defendant, whose true name was David Lopez, was a predicate felon with three prior felony convictions and numerous arrests in his background. The bench warrant remained active until defendant was arrested on January 21, 1993, and charged with possessing 336 vials of crack cocaine. Defendant has been indicted for that offense under indictment No. 1070/93 and the case is now pending in Part 25. With the exception of the instant case, defendant’s entire previous (and subsequent) criminal record was amassed using the name David Lopez.
The defendant moves to withdraw his guilty plea claiming *210 two grounds: first, that he is in fact innocent of the crime to which he pleaded guilty, and second, that he did not have sufficient time to discuss his plea with his attorney and the facts and circumstances of that court appearance coerced him into entering a plea. The oral arguments and motion papers submitted by both parties, as well as the minutes of defendant’s plea, have been considered by the court.
For the reasons set forth below, defendant’s motion to withdraw his guilty plea is denied.
The minutes of the plea allocution in this case demonstrate the painstaking care that was taken to insure that defendant’s rights were protected. Prior to accepting defendant’s plea, the court advised defendant that by pleading guilty he waived his right to confront witnesses, to have a jury trial, and to remain silent. Defendant answered the plea allocution questions without hesitation or reservation and clearly stated that he understood the allocution and the impact of the plea and the promised sentence. Defendant stated he was acting voluntarily and of his own free will. Thus the plea minutes demonstrate that defendant’s actions were knowing, voluntary, intelligent, and not the product of coercion.
It has been held that a defendant’s belated claim of innocence is not a sufficient legal ground upon which to allow withdrawal of an otherwise legally entered plea. (People v Cannon, 150 AD2d 383 [2d Dept 1989]; People v Stubbs, 92 AD2d 923 [2d Dept 1983]; People v Losicco, 137 AD2d 621 [2d Dept 1988]; People v Baldwin, 130 AD2d 497, lv denied 70 NY2d 929 [1987]; see, People v Sobchik, 108 AD2d 764 [2d Dept 1985].) This is especially true where at the time of the plea defendant admitted to the criminal actions underlying his plea. (People v Cannon, supra.)
In the case at bar, defendant’s belated assertion is unsupported by any facts or affirmation on his part and is contradicted by his own statements made during the course of the plea. During his allocution defendant, after having been advised of his rights and having acknowledged his understanding of the consequences of his plea, was asked by the court if he had sold narcotics on May 7, 1992. The defendant stated, "They called [sic] me for steering”. Moments later he admitted to steering the buyer to someone in order to help the latter sell drugs.
With regard to defendant’s second contention, his claim of feeling coerced into pleading guilty because of the facts and *211 circumstances of the court appearance is wholly without merit. The record is devoid of support for the allegation that he did not have sufficient time to consult with his attorney. At the very start of the plea allocution the court asked the defendant if he had had enough time to talk to his lawyer and the defendant answered, "Yes.” The court further questioned whether the defendant needed more time to speak with his attorney. The defendant responded, "No”. In addition, the attorney who represented defendant at the guilty plea was the same attorney who had represented the defendant since his original criminal court arraignment. It is therefore clear that defendant understood the proceedings and was participating voluntarily and knowingly.
Furthermore, the court notes that prior to May 7, 1992, the defendant had already pleaded guilty on four prior occasions to one misdemeanor, one narcotics sale and two separate indictments charging robbery in the first degree. Given his history and familiarity with the criminal justice system (he had received three State prison sentences and was on parole at the time of the instant case), it is extremely unlikely that the defendant was confused by the allocution or unaware of the impact his predicate felon status would have on his sentence. Had the defendant returned to court on the sentence date of August 27, 1992, thereby fulfilling his condition of the agreement, the court would have had to allow the plea to be withdrawn since the publication of defendant’s predicate status nullified the promise of probation. (People v Selikoff, 35 NY2d 227, cert denied 419 US 112 [1975]; People v Hofmann, 151 AD2d 604, lv denied 74 NY2d 811 [1989]; see, People v Powell, 105 AD2d 761 [2d Dept 1984].) However, this defendant was admonished by the court that if he did not appear "all bets are off, you face fifteen years”. The court expressly made the plea agreement subject to a specific condition, one which the defendant subsequently violated. Therefore, the court is not bound by the originally contemplated sentence, but may now impose a greater sentence (as defendant was informed during the plea allocution) without offering the defendant an opportunity to withdraw his plea. (People v McDaniels, 111 AD2d 876 [2d Dept 1985]; People v Warren, 121 AD2d 418, lv denied 69 NY2d 887 [1987]; People v Drameguila, 166 AD2d 196, lv denied 76 NY2d 1020 [1990].) In the case at bar, the new sentence will reflect the defendant’s status as a predicate felon and as promised during the plea allocution, the maximum will not exceed 15 years.
*212 In sum, the record is clear that the defendant pleaded guilty after a complete and clear allocution. In using the false name David Martinez for the first and only time in the midst of an extensive criminal history, and in remaining silent during the plea allocution when told by the court that the probation sentence was "[biased on the fact that this is your first arrest,” the defendant willfully concealed his three prior felony convictions in order to subvert the system and obtain preferential treatment. When defendant failed to appear on the designated sentence date, he violated a specific condition of the plea bargain. By his actions, in direct contravention of the court’s specific warning, he thereby forfeited his right to either the agreed upon original sentence or withdrawal of his guilty plea. While the court clearly has the discretion to allow withdrawal of defendant’s guilty plea, the exercise of such discretion under the circumstances of this case would reward a defendant whose conduct and deception have demonstrated an absolute disdain for the criminal justice process. This defendant, whose nonappearance on his originally scheduled sentence date violated a specific condition of the originally promised sentence, is clearly undeserving of such discretion.
The defendant’s motion is denied in all respects.