■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY C. ELLISON, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Samenga, J.), imposed January 9, 1981. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P.J., Lazer, Margett and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN JACKSON, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered March 21, 1979, convicting him of robbery in the second degree (four counts), assault in the second degree, grand larceny in the second degree and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence. By order dated February 23, 1981, this court remitted the case to the County Court, Nassau County, to hear and report on whether the defendant was deprived of his right to a·speedy trial (see CPL 30.20, 30.30), and directed that the appeal be held in abeyance in the interim *(People v Jackson,* 80 AD2d 647). The County Court has now complied. Judgment affirmed. No opinion. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE PETERS and MICHAEL MALLOY, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Dubin, J.), both rendered April 10, 1980, convicting each defendant of criminal possession of a weapon in the second degree and assault in the third degree, upon a jury verdict, and imposing sentences. Judgments affirmed. Appellants allege that they were deprived of their right to the effective assistance of counsel by reason of their representation at trial by the same attorney. The record, however, indicates that on March 5, 1980, the trial court questioned appellants and their attorney as to whether conflicts might exist, and all concerned replied that no conflicts would be presented by continuance of joint representation. The joint representation of multiple defendants is not per se violative of one's constitutional right to the effective assistance of counsel. *(Holloway v Arkansas,* 435 US 475; *People v Macerola,* 47 NY2d 257.) Appellants, having consented to joint representation, waived any claim of possible prejudice resulting from it. (See *People v Gomberg,* 38 NY2d 307; *People v Ortiz,* 49 NY2d 718). We have examined appellants' other contentions and find them to be without merit. Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. SACCOMANNO, Appellant. — Appeals by defendant from (1) a judgment of the County Court, Westchester County (Martin, J.), rendered April 14, 1980 (Ind No. 78/956), convicting him of two counts of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the Supreme Court, Westchester County (Rubin, J.), rendered April 14, 1980 and amended on December 30, 1980 (Ind Nos. 79/64, 79/913), convicting him of two counts of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. Judgments affirmed. There was ample justification for the exclusion of defendant from the courtroom. Defendant's request to proceed *pro se* was made on the eve of trial. It should be noted that defendant was not a novice in courtroom procedures. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.