■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CRONEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered June 10, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The court properly exercised its discretion in denying the defendant's motion to sever his case from that of his codefendant.

The so-called *Bruton* rule *(Bruton v United States,* 391 US 123) is not implicated where one defendant confesses and testifies at the joint trial *(People v Payne,* 35 NY2d 22). Thus, since the codefendant testified at trial, the defendant's right to confrontation was not impaired.

There does exist a broad State constitutional right to a fair trial which requires that a separate trial be held if prejudice will result from a joint trial *(People v Payne, supra; People v Quartararo,* 113 AD2d 845). But in this case, the defendant's confession was substantially similar to that of his codefendant; neither added anything to the other. Therefore, the probability of prejudice to the defendant by the introduction of the

codefendant's statement was negligible *(see, People v Payne, supra; see, People v Berzups,* 49 NY2d 417).

Additionally, the totality of the circumstances surrounding the defendant's interrogation, as revealed at the *Huntley* hearing, supports the trial court's conclusion that the confession was voluntarily made *(see, People v Anderson,* 42 NY2d 35). The defendant was in custody for close to 12 hours before giving his inculpatory statement. While this factor is not inconsequential in determining whether a confession was voluntarily made, it does not, without more, render the confession defectively obtained *(see, People v Tarsia,* 50 NY2d 1). Here, the defendant was given his *Miranda* warnings twice, was not subjected to continuous interrogation, was fed, and was not threatened or abused in any way *(see, People v Anderson, supra).* Accordingly, the court properly refused to suppress the statement.

We have examined the defendant's remaining contentions, including those set forth in his *pro se* supplemental brief, and find them to be without merit. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.