■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HALL, Also Known as TYRONE KNIGHT, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered October 10, 1985, convicting him of attempted arson in the second degree, arson in the third degree, attempted arson in the third degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Di Tucci, J.), of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement authorities.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress statements, since it appears from the record of the *Huntley* hearing that a reasonable man in the defendant's position, innocent of any crime, would not have believed that he was in custody *(People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851). Although the defendant remained within the investigations office from approximately noon until 6:30 P.M., he was not continuously interrogated during this interval. Rather, he was left completely alone on several occasions when the Investigators left to attend to other business or to have lunch. He was not handcuffed, and was given food and access to a telephone. In addition, he was questioned about matters unrelated to the arson. Significantly, the investigator who was questioning the defendant at one point offered him $10 to go to The Bronx to see his brother.

The hearing court also correctly determined that the second confession was admissible. Before making his second statement the defendant was fully advised of his *Miranda* rights. The record demonstrates that the defendant knowingly and voluntarily waived those rights. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.