■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL REYES, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered February 24, 1988, convicting defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25 [3]), manslaughter in the second degree (Penal Law § 125.15) and attempted robbery in the second degree (Penal Law §§ 110.00, 160.10), for which defendant was sentenced to concurrent terms of 18 years to life, 5 to 15 years, and 2⅓ to 7 years, unanimously affirmed.

Defendant was convicted of a brutal early morning subway mugging in which defendant and others chased the victim between cars on a moving subway train. As the victim tried to flee defendant held him as other muggers kicked and punched him; testimony established that defendant had extracted a wallet from the victim's pocket. At one point the victim tried

to climb out of the gate to the platform when the train momentarily stopped at a station; the victim slipped and fell and as he tried to get up defendant pushed him down again. As the train left the station the victim fell between cars. His body was cut in half before the train could stop. Defendant was observed again as he left the intertrain area, reentered the subway car, and immediately exited the car from the platform. One of defendant's accomplices testified pursuant to a cooperation agreement. Defendant himself, when he was arrested, made an inculpatory statement, albeit one in which he attempted to minimize his role.

At a pretrial suppression hearing, the hearing court found police testimony to be credible, and noted that once counsel contacted police, all interrogation of defendant ceased. The hearing court properly concluded that defendant's right to counsel had been scrupulously honored. At trial, however, evidence was adduced that when police first arrived at defendant's apartment, intending to arrest him, they informed defendant's father that they only wanted to question him about a homicide. Once they stepped outside of the apartment, defendant was arrested. One detective testified that he believed it was the arresting officers' intent that defendant's father would not be prompted to contact an attorney. In fact, within two hours, an attorney contacted police. Defendant is a 20 year old with a record of three prior arrests. Despite misgivings concerning the intentions of the arresting officers, we note that no affirmative statements were made to defendant's father that he would not be arrested (cf., *People v Butler*, 112 AD2d 1006). The father was informed of defendant's destination, the nature of the investigation, and the officers' identities. In light of defendant's prior criminal record, he is presumed to have been familiar with his situation and the imminent interrogation. There is no evidence of a pattern of trickery and isolation which was designed to keep defendant from obtaining counsel (cf., *People v Fuschino*, 59 NY2d 91) or that defendant, an adult, was intentionally isolated from family members. *(Cf., People v Casassa*, 49 NY2d 668; *People v Bevilacqua*, 45 NY2d 508.) Nor was any evidence adduced at either the hearing or at trial which evinced any coerciveness on the part of the police or which could support a conclusion that defendant's statement was anything but voluntary. Furthermore, defendant was advised of his *Miranda* rights immediately, acknowledged each, was interviewed very shortly thereafter, was not detained for an extended period of

time in isolation, and within two hours an attorney did make contact, at which all interrogation ceased. Defendant provides no authority to support his claim that police must delay their interrogation until an attorney arrives on the scene.

Defendant's contention that the People failed to timely disclose information that a witness had selected a photograph of a person other than defendant as the "hispanic" attacker is unpreserved as a matter of law (CPL 470.05 [2]; *People v Simonds*, 73 NY2d 945). There is no reason to review in the interest of justice. This information was not relevant to the inquiry of the suppression hearing, which addressed lineup procedures, pursuant to which defendant was identified. This lineup identification ultimately was suppressed. Additionally, this information was the subject of cross-examination of the People's witnesses at trial. Nor do we conclude that the People thereby failed to turn over exculpatory information. This information was disclosed prior to trial; it had no relevance to the hearing. In any event, the court reopened the hearing for inquiry into this evidence, thereby curing any hypothetical errors *(People v Kelly*, 62 NY2d 516; *People v Martinez*, 71 NY2d 937).

Finally, defendant's claim that the court erred in failing to instruct the jury which evidence may be considered, and which evidence may not be considered, in determining whether an accomplice's testimony had been corroborated, is unpreserved as a matter of law (CPL 470.05 [2]). In any event, as the accomplice's testimony was amply corroborated, the claim is without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.