■ The People of the State of New York, Respondent, v Enrique Guillen, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J., at hearing and trial), rendered May 5, 1988, convicting defendant after a jury trial of murder in the second degree, manslaughter in the first degree and attempted robbery in the first degree, and sentencing him as a persistent violent felony offender to concurrent terms of from 25 years to life, unanimously affirmed.

Defendant was arrested by responding police officers as he fled from the scene of the homicide herein. Dressed only in trousers, his upper torso was covered in blood. Defendant made several inculpatory statements while being transported and subsequently, after waiving his *Miranda* rights, at the precinct house.

Thereafter defendant gave a more detailed statement of his intention to collect a debt from his cousin and the altercation which culminated in decedent's demise. This was reduced to a written statement by the police which was signed by defendant. Upon a further acknowledgment and waiver of his

*Miranda* rights defendant gave a videotape confession. Physical evidence recovered at the scene corroborated these details.

Defendant's appellate contention that his statements were neither knowing nor voluntary is without merit. The evidence adduced at the hearing clearly established that defendant was aware of and understood the ramifications of his admissions *(People v Sirno,* 76 NY2d 967). Defendant's long history of involvement with the criminal justice system is relevant in this regard *(compare, People v Entzminger,* 163 AD2d 138, *lv denied* 76 NY2d 939). Given defendant's lengthy violent felony history, the overwhelming evidence in support of the present conviction, and the brutality of this homicide, we discern no abuse of discretion in sentencing.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.