■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUWE BURTON, Appellant. [595 NYS2d 41] —Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered February 13, 1992, convicting defendant, after a jury trial, of

murder in the second degree and criminal possession of a weapon in the fourth degree and sentencing him to concurrent terms of 15 years to life on the murder count and 1 year on the weapon count, unanimously affirmed.

To accept defendant-appellant's claim that his confession to the fatal stabbing of his mother was involuntary in that he was denied access to his family who could have rendered him aid and assistance, would require a finding by this Court that the testimony of the police witnesses was inherently incredible or improbable *(People v Stroman,* 83 AD2d 370, 372-373) and the adoption of the contradictory testimony of the then 16 year old defendant and his family members.

Although it found the testimony of the various witnesses was largely trustworthy albeit with some inconsistencies and contradictions, the hearing court, which was in the best position to determine such issues, found that defendant's hearing testimony was "largely untruthful and contrived". Specifically, the court rejected defendant's claim that he had asked to speak to his father and found that, from the time he was taken to the precinct until after his videotaped confession, defendant did not ask to see any member of his family and, when told that his father was in the station house, he expressly stated that he did not want to see him.

Defendant's father, who was out of the country at the time of his wife's murder, testified that he called the precinct numerous times and was told that it was unnecessary for him to speak to his son because he would be sent home soon. However, unlike *People v Bevilacqua* (45 NY2d 508), and *People v Townsend* (33 NY2d 37), where the record supported the inference that the police intentionally deprived the 18 year old and 17 year old defendants of access to their family in an effort to obtain their confessions, the evidence here establishes, beyond a reasonable doubt, that defendant's confession, which he spontaneously initiated as the police were about to take him home after several hours of informal questioning, was freely and voluntarily given.

Indeed, defendant's godmother, with whom he stayed the day after the murder and from whose home the police picked up defendant for questioning, testified that one of the detectives telephoned to tell her that defendant would be home shortly and again, approximately four hours later, to inform her that defendant had made a confession and wanted to speak to her, not to his father. When she and her son arrived at the precinct, they were permitted, after a short wait, to

meet with defendant, who again confessed his mother's murder to his godmother in detail and told her that he had been treated well by the detectives. Under the circumstances, we find no pattern of isolation and trickery designed to keep defendant from obtaining counsel *(cf., People v Bevilacqua, supra).*

"Absent evidence that the police intentionally deprived the defendant of access to his family in an effort to bar his exercise of his right to counsel and to obtain a confession, there is no infringement on the defendant's rights. *(People v Casassa,* 49 NY2d 668, cert den 449 US 842.)" *(People v Fuschino,* 59 NY2d 91, 100.)

We have considered appellant's other points and find them without merit. Concur—Sullivan, J. P., Milonas, Kupferman and Rubin, JJ.