■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVAN BENNETT, Appellant. [633 NYS2d 216] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered January 3, 1994, convicting him of murder in the second degree, attempted robbery in the first degree (three counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal use of a firearm in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The police went to the defendant's home pursuant to information from witnesses and the codefendant regarding a homicide at a local social and gambling club which caused the police to consider the defendant a suspect in that homicide. Upon not finding the defendant at home, the police left word for him that they wished to question him about an unrelated homicide at a local birthday party which the police knew the defendant had attended.

The following day the defendant came to headquarters with his parents. After being advised of his *Miranda* rights and waiving them both orally and in writing, the defendant was questioned by detectives about both the birthday party shooting and then the gambling club homicide, while his parents waited outside. Over the course of two to two and one-half hours, the defendant made one oral and one videotaped statement confessing his involvement in the gambling club homicide. After these two statements, he was booked, fingerprinted, and placed in a cell. Five and one-half hours after being placed in the cell, the defendant made a third statement regarding, in relevant part, the location of the guns and masks used during the homicide.

Following the first two statements, the police recovered the automobile and clothing used in the commission of the crime and following the third statement, the police recovered the guns and masks used.

The hearing court denied suppression of the first two statements, but granted suppression of the third statement and the evidence seized as a result of it, based on the defendant's delay in arraignment.

There is no merit to the defendant's contention that his first two statements to the police were involuntary based upon the totality of the circumstances. The defendant admitted that he came to the police station voluntarily and, in fact, never told his mother that he did not want to go there. The defendant was not handcuffed during the first and second interview and was offered something to eat and drink *(see, People v Hall,* 142 AD2d 735; *People v Benitez,* 128 AD2d 628). The defendant was not yelled at or threatened, and although he was perhaps a bit fearful, he was not mistreated in any way *(see, People v Croney,* 121 AD2d 558, 559). Furthermore, the hearing court found that the defendant had been twice advised of his *Miranda* rights and waived them *(see, People v Croney, supra; People v Padilla,* 133 AD2d 353, 354). At no time did the defendant ask to see his parents or for the questioning to cease, nor did he indicate that he wanted an attorney involved at any point during the two interrogations. Notably, the defendant, by his own admission, was familiar with the criminal justice system based on his past experience *(see, People v Guillen,* 177 AD2d 391, 392; *People v Entzminger,* 163 AD2d 138, 141; *People v Reyes,* 162 AD2d 420, 421-422).

The defendant's claim of involuntariness based on isolation is meritless, as he was an adult at the time of his interrogation and arrest *(see, People v Huber,* 144 AD2d 583). Equally without

merit is the defendant's claim of involuntariness based on any implied promises from the police, since the defendant had been apprised and acknowledged understanding of his *Miranda* rights *(see, People v Taber,* 115 AD2d 126, 127; *People v Weisbrot,* 124 AD2d 762; *People v Belgenio,* 164 AD2d 865, 866).

The defendant's other contentions are unpreserved for appellate review and, in any event, without merit. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.