■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORRIS THOMAS, Appellant. [636 NYS2d 830] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 13, 1993, convicting him of murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joy, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was illegally arrested in violation of *Payton v New York* (445 US 573). The hearing court's determination on issues of credibility should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). We find no reason to disturb the court's finding that the police officers were credible witnesses. Their testimony established that they had probable cause to arrest the defendant and that the warrantless entry into his parents' apartment was effected with consent. Consequently, there was no *Payton* violation (*see, People v Levine*, 174 AD2d 757).

There is also no merit to the defendant's contention that his statements were involuntary. It is undisputed that the defendant was not threatened, abused, or otherwise mistreated by

the police (see, People v Croney, 121 AD2d 558, 559). There is no evidence that the defendant requested an attorney at any time; that he was deprived of food or drink; or that he was subjected to persistent and overbearing interrogation or deception so fundamentally unfair as to deny due process (see, People v Padilla, 133 AD2d 353, 354). Further, the hearing court found that the defendant had twice been advised of his Miranda rights and voluntarily waived them prior to making both his oral and videotaped statements (see, People v Padilla, supra; People v Croney, supra).

The defendant's claim that he was intentionally and unlawfully isolated from his parents is meritless, as he did meet with his father at or about the time of his first statement. Upon seeing the defendant handcuffed to a chair and upon the defendant stating that the police were trying to "pin" a murder on him, the defendant's father left the stationhouse, yet did not request or contact an attorney. In any event, refusal by the police to allow a parent to see a child does not render any subsequently obtained confession per se inadmissible. There is no evidence in this case that the police employed deception or trickery to isolate the defendant during questioning (see, People v Salaam, 83 NY2d 51, 55-56). Further, since the defendant was 17 years old at the time of his arrest and was not a juvenile offender, the statutory parental notification requirements were not applicable (see, People v Salaam, supra).

The defendant's remaining contentions are without merit. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.