■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY CATANZARO, Appellant. [654 NYS2d 330] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 29, 1988, convicting him of manslaughter in the first degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause to arrest him. It is now well settled that the statements of codefendants or accomplices may serve to establish probable cause under the *Aguilar-Spinelli* rule (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108; *see also, People v McCann*, 85 NY2d 951; *People v Nunez*, 186 AD2d 764). Moreover, resolutions of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the hearing court, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). We are satisfied that the hearing court properly credited the testimony of the law enforcement officials (*see, People v Michalek*, 218 AD2d 750).

There was no credible evidence that law enforcement officials intentionally deprived the then-18-year-old defendant of access to his mother in an effort to bar his exercise of his right of counsel and obtain a confession (*see, People v Casassa*, 49 NY2d 668, *cert denied* 449 US 842; *People v Thomas*, 223 AD2d 612; *People v Burton*, 191 AD2d 307). Nor do we find any credible evidence suggesting that the defendant was threatened in

a manner which would cause him to incriminate himself (*see, People v Bennett*, 221 AD2d 349).

The sentence imposed was not excessive (*see, People v Suitte*, 90 AD2d 80). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.