■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VEGA, Appellant. [831 NYS2d 376]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 3, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

In this observation sale case where identity was a central is-

sue, the court appropriately exercised its discretion in admitting evidence that the observing officer had met defendant on several undescribed prior occasions, knew him by name and had been to his apartment. The probative value of this evidence outweighed any prejudicial effect. In addition to being highly probative of the officer's ability to identify defendant (*see People v Johnson*, 215 AD2d 258 [1995], *lv denied* 86 NY2d 796 [1995]), an issue which defendant extensively pursued on cross-examination, this evidence also explained some of the unusual facts in this case (*see People v Rivera*, 26 AD3d 301 [2006], *lv denied* 7 NY3d 762 [2006]). After the sale, the officer chose to follow the buyer instead of defendant, since he knew where defendant lived and could always find him later, and the field team ultimately arrested defendant at home. We reject defendant's suggestion that it would have sufficed simply to elicit the fact that the officer had seen defendant in the neighborhood on prior occasions, since such limited evidence would not have fully explained the officer's ability to both identify and locate him.

The court properly exercised its discretion in precluding defendant from cross-examining the observing officer regarding totally unrelated drug operations in which he may have participated that same day (*see e.g. People v Alston*, 215 AD2d 108, 109 [1995], *lv denied* 86 NY2d 732 [1995]). These unrelated activities had no bearing on the credibility and accuracy of the officer's identification of defendant, and had the potential for misleading the jury.

The court properly precluded defendant from commenting in summation on the People's failure to call the buyer as a witness, and properly instructed the jury to disregard the buyer's absence from the proceedings. Defendant had no good faith basis for such a comment (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]). The buyer's sole connection with the prosecution was adversarial, in that the same District Attorney's Office had prosecuted him for possessing the drugs he bought in this incident, and there was no reason to expect the People to call him as a witness (*see People v Parks*, 237 AD2d 105 [1997], *lv denied* 90 NY2d 862 [1997]; *see also People v Bailey*, 271 AD2d 370 [2000], *lv denied* 95 NY2d 903 [2000]). In any event, were we to find any error in the court's ruling or in its jury instruction, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt.

Defendant's challenge to the People's summation, as well as all of his constitutional claims relating to the above-discussed issues, are unpreserved and without merit. Concur—Mazzarelli, J.P., Saxe, Marlow, Nardelli and Gonzalez, JJ.