■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v ERWIN JACKSON, Appellant-Respondent. [885 NYS2d 213]—

Appeal by the defendant from a judgment of the County

Court, Nassau County (Carter, J.), rendered July 30, 2008, convicting him of robbery in the first degree (nine counts) and conspiracy in the fourth degree, after a nonjury trial, and imposing sentence, and cross appeal by the People from the sentence, on the ground that the defendant was illegally sentenced as a first-time felony offender instead of as a persistent violent felony offender. The appeal from the judgment brings up for review the County Court's finding, made after a hearing pursuant to written stipulations in lieu of motions, that the defendant's arrest was supported by probable cause.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith.

"The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez,* 58 AD3d 870, 870-871 [2009]; *see People v Prochilo,* 41 NY2d 759 [1977]). "The 'fellow officer' rule provides that even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer 'acts upon the direction of or as a result of communication with a superior or [fellow] officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest' " (*People v Ramirez-Portoreal,* 88 NY2d 99, 113 [1996], quoting *People v Horowitz,* 21 NY2d 55, 60 [1967]). Statements of codefendants or accomplices are sufficient to establish probable cause (*see People v Catanzaro,* 236 AD2d 418 [1997]). Upon reviewing the record, we find that the County Court properly found that the defendant's arrest was supported by probable cause.

The People correctly contend that the County Court erred in finding that they had not proven the defendant's two predicate violent felony convictions beyond a reasonable doubt (*see generally* Penal Law § 70.08 [1]; CPL 400.15 [7] [a]; *People v Scarbrough,* 66 NY2d 673 [1985]). Indeed, this Court has affirmed judgments based upon both of the defendant's predicate violent felony convictions (*see People v Jackson,* 151 AD2d 694 [1989]; *People v Jackson,* 83 AD2d 843 [1981]). Thus, the defendant's sentence is illegal, and the matter must be remitted to the County Court, Nassau County, for resentencing (*see People v Melendez,* 254 AD2d 74, 74-75 [1998]).

The defendant's contentions, raised in points II, IV, V, and VI of his pro se brief, are unpreserved for appellate review and, in any event, are without merit.

The defendant's remaining contention, raised in point I of his pro se brief, is without merit. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.