In the Matter of ERWIN JACKSON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 313]—Appeal from a judgment of the Supreme Court (O'Shea, J.), entered March 24, 2009 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating his maximum period of imprisonment.

In April 1985, petitioner, as relevant to this proceeding, was convicted of robbery in the first degree and was sentenced to a prison term of 10 to 20 years. In July 1985, petitioner was convicted of robbery in the first degree and criminal use of a firearm in the first degree and was again sentenced, as a second felony offender, to a prison term of 10 to 20 years, which ultimately was ordered to be served concurrently with petitioner's first sentence. Following his release on parole in 2002, petitioner was arrested in 2005 and thereafter was convicted on nine counts of robbery in the first degree and one count of conspiracy in the fourth degree. In July 2008, petitioner was sentenced, as a first-time felon, to (1) a prison term of 15 years followed by five years of postrelease supervision on the first five robbery counts, to be served concurrently, (2) an identical sentence for the remaining four robbery counts, to be served concurrently, but consecutively to the first five counts, and (3) a prison term of $1^1/_3$ to 4 years for the conspiracy count, to be served concurrently with the others, resulting in an aggregate sentence of 30 years. In addition, the sentence and commitment order stated that any sentence from a "parole violation" was to run consecutively. As a result, the Department of Correctional Services calculated petitioner's 2008 prison sentences as running consecutively with his undischarged terms and issued a computation which set petitioner's maximum expiration date at November 16, 2035. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge that computation. Supreme Court dismissed the petition and petitioner now appeals.

On this appeal, petitioner asserts that the calculation by the Department was incorrect, inasmuch as the sentencing court failed to specify the manner in which his 2008 sentences were to be served with regard to his undischarged sentences. In a recent decision by the Second Department regarding petitioner's direct appeal (*People v Jackson*, 65 AD3d 1164 [2009]), that Court held that the trial court erred in finding that the People had not proven petitioner's two predicate violent felony convic-

tions beyond a reasonable doubt. Consequently, petitioner's sentence was vacated and the matter remitted to the County Court of Nassau County for resentencing (*id.*). As such, petitioner's challenge to the Department's calculation with regard to his 2008 sentences has been rendered moot.

Mercure, J.P., Rose, Kane, Stein and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.