People v Martinez (2018 NY Slip Op 06034)





People v Martinez


2018 NY Slip Op 06034


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-04696
 (Ind. No. 15-00696)

[*1]The People of the State of New York, respondent,
v
Miguel Martinez, appellant.


Christine Moccia, Chappaqua, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), rendered March 30, 2016, as amended on July 6, 2016, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
ORDERED that the judgment, as amended, is affirmed.
Contrary to the defendant's contention, the police had probable cause to arrest him based on the statement of his codefendant, who admitted her participation in the crimes for which she and the defendant were indicted, provided details of the crimes which matched the details in statements made by the victim, and incriminated the defendant (see People v Jackson, 65 AD3d 1164, 1165; People v Catanzaro, 236 AD2d 418).
The defendant knowingly and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436) prior to making his statement. Although the police falsely informed the defendant that there was a video camera in an alley in the vicinity of the crime scene, and that they possessed surveillance video from that video camera that showed the defendant to be the perpetrator of the subject crimes, the defendant made no showing that the deception was so fundamentally unfair as to deny him due process (see People v Tarsia, 50 NY2d 1, 12; People v Holley, 148 AD3d 1605, 1606; People v Dishaw, 30 AD3d 689, 690-691; People v Dickson, 260 AD2d 931, 932; People v Jackson, 140 AD2d 458, 459).
The defendant's allegation that he was intoxicated at the time he confessed did not render his statement involuntary. "Intoxication alone is insufficient to render a statement involuntary [internal citation omitted]. Only where it is demonstrated that defendant was intoxicated to a degree of mania or of being unable to understand the meaning of his statements is suppression warranted" (People v Benjamin, 17 AD3d 688, 689). In this case, the defendant failed to establish that he was intoxicated to such a degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the Supreme Court erred in permitting the prosecutor to elicit testimony from a police witness that he had seen the defendant "countless numbers of times," and knew him by name. This contention is not preserved for appellate review (see CPL 470.05[2]). In any event, this testimony was relevant to the issue of identity (see People v Vega, 37 AD3d 351, 352; People v Prescott, 300 AD2d 325; People v Johnson, 215 AD2d 258), and did not deprive the defendant of a fair trial since it did not implicate him in any prior misconduct or uncharged crime (see People v Woody, 9 AD3d 439; People v Gomez, 253 AD2d 719, 720; People v Greeman, 235 AD2d 281, 282).
A video recording taken by a store's security cameras (hereinafter the store video) showed the defendant and the codefendant entering a taxicab in the vicinity of the crime scene shortly after the subject crimes occurred. The Supreme Court properly permitted a police witness to identify the defendant as the man depicted on the store video. The testimony of this witness "served to aid the jury the jury in making an independent assessment regarding whether the man in the [store video] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025; see People v Franzese, 154 AD3d 706, 707; People v Brown, 145 AD3d 1549; People v Daniels, 140 AD3d 1083, 1084; People v Ray, 100 AD3d 933; People v Sanchez, 95 AD3d 241, 250).
Contrary to the defendant's contention, the store video was properly admitted in evidence at trial. A proper foundation for admission of the store video was established by the testimony of the driver of the taxicab, who, after viewing the store video, confirmed that it was his taxicab in the store video. Further, the store video was authenticated by a detective who testified that he personally copied the store video from the store's surveillance system onto a flash drive, verified that the video system was in operation, verified the date and time was accurate on the video, and testified to the unaltered condition of the store video (see People v Costello, 128 AD3d 848; People v Boyd, 97 AD3d 898, 899; People v Orlando, 61 AD3d 1001, 1002).
The Supreme Court properly admitted into evidence the tape recording of the victim's 911 call under the excited utterance exception to the hearsay rule (see People v Brooks, 71 NY2d 877, 878; People v Brown, 70 NY2d 513, 518).
Finally, the defendant received the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137, 146-147).
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court