Matter of Jackson v Justices of the Nassau County Ct. (2024 NY Slip Op 06044)

Matter of Jackson v Justices of the Nassau County Ct.

2024 NY Slip Op 06044

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-02792

[*1]In the Matter of Erwin Jackson, petitioner,
v
Justices of the Nassau County Court, respondents. Erwin Jackson, Romulus, NY, petitioner pro se.

Letitia James, Attorney General, New York, NY (Miranda Onnen of counsel), for respondents.

DECISION, ORDER & JUDGMENT
Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents to comply with a decision and order of this Court dated September 15, 2009 (People v Jackson, 65 AD3d 1164), which determined an appeal and a cross-appeal from a judgment of the County Court, Nassau County, rendered July 30, 2008, in an action entitled People v Jackson, commenced in that court under Indictment No. 2826/05, and remitted the matter to the County Court, Nassau County, for resentencing, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
BRATHWAITE NELSON, J.P., CHAMBERS, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court