■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SANTA-NELLA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 9, 1979, convicting him of murder in the second degree (two counts), robbery in the first degree and burglary in the second degree, after a nonjury trial, and imposing sentence. Judgment affirmed. On this appeal, the defendant concedes his participation in the crimes of burglary and robbery, which underlaid his convictions of felony murder in connection with the deaths of Joseph and Angelina Tucci (see *People v Santanella,* 63 AD2d 744). He maintains, however, that he established the fourth element of the affirmative defense to felony murder, that he "[h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury" (Penal Law, § 125.25, subd 3, par [d]). The burden of proving an affirmative defense rests upon the defendant who relies upon it (Penal Law, § 25.00, subd 2; *People v Bornholdt,* 33 NY2d 75). We are satisfied that the evidence properly admitted against defendant proved his participation in the offenses, and that he has failed to prove by a preponderance of evidence that he lacked a reasonable ground to believe that codefendant Tamilio intended to engage in conduct likely, at the least, to cause serious physical injury to the Tuccis (see *People v Kampshoff,* 53 AD2d 325). Lazer, J.P., Mangano, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEFAN SUMPTER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered September 12, 1979, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We find no merit in the defendant's argument that error occurred in a ruling which denied removal of a sworn juror on the basis of his recognition of the victim/complainant. During *voir dire* of that juror, upon his apprising the court of his recognition of the witness, it was established conclusively that the "relationship" between the two consisted of no more than the complainant having worked briefly in the cafeteria at the juror's place of business, and the complainant having participated in an amateur dramatic production at least two years earlier which had been directed by the juror's former secretary. The juror had seen the production. Upon these facts, we find that no basis existed for a successful challenge to that juror for cause (CPL 270.20, subd 1, par [c]) and no basis existed for his removal for being grossly unqualified to serve in the case (CPL 270.35). Since there was no objection to the circumstantial evidence charge, no issues concerning the charge were preserved for appeal. Nevertheless, upon examining it in the interest of justice, we hold the charge to have been proper. Hopkins, J.P., Mangano, Margett and Thompson, JJ., concur.