■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WILLIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered July 20, 1982, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's claim that the trial court erred in failing to deliver a circumstantial evidence charge has not been preserved for review inasmuch as no such charge was requested, and no exception to the charge as delivered was taken by defendant (CPL 470.05, subd 2; *People v Royster,* 99 AD2d 761; *People v Sumpter,* 82 AD2d 869). In any event, such a charge was not warranted under the facts of this case. The sentence imposed was not improper. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WILSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered January 24, 1983, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's guilt was proven beyond a reasonable doubt (see *People v Contes,* 60 NY2d 620). Defendant's contentions that the charge was deficient, that he was prejudiced by the court's failure to marshal the evidence, and that the prosecutor's summation contained improprieties are unpreserved for appellate review, and, in any event, lack merit. We further find that defendant was accorded the effective assistance of counsel (see *Strickland v Washington,* 466 US __, 104 S Ct 2052; *People v Wagner,* 104 AD2d 457).

We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.