■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE DAWSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 27, 1982, convicting him of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's claim that the trial court erred in failing to give a circumstantial evidence charge has not been preserved for appellate review inasmuch as no such charge was requested and no exception to the charge as given was taken by defendant (see, CPL 470.05 [2]; People v Willis, 107 AD2d 830; People v Sumpter, 82 AD2d 869). In any event, such a charge was not warranted under the facts of this case (see, People v Willis, supra; cf. People v Bernardo, 83 AD2d 1).

Moreover, there is no merit to defendant's claim that the trial court erred by allowing the arresting officer to testify that he knew defendant prior to the incident. This case is distinguishable from People v Green (35 NY2d 437) and People v Baker (103 AD2d 749) in that here the police officer's statement did not connect the defendant to any prior criminal investigation or otherwise imply some criminality on defendant's part. The officer's statement was offered to rebut defen-

dant's contention that the officers arrested the wrong man *(see, People v Green, supra,* p 442).

We have reviewed defendant's other contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.