■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered October 25, 1984, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities and physical evidence obtained as a consequence thereof (see, People v Thames, 126 Misc 2d 722).

Ordered that the judgment is affirmed.

That branch of the defendant's omnibus motion which was to suppress statements made by him was properly denied, since the actions of the police were at all times reasonably related in scope and intensity to the information available to them as their encounter with the defendant unfolded (see, People v De Bour, 40 NY2d 210; People v Finlayson, 76 AD2d 670, lv denied 51 NY2d 1011, cert denied 450 US 931). The observations made and information obtained at the crime scene by the investigating officers justified pursuing a limited inquiry of the defendant, and given the noncustodial, noncoercive circumstances of the encounter, the defendant's consent to the minimally intrusive requests of the officers must be considered, in this case, to have been freely given (see, People v Carrasquillo, 54 NY2d 248, 252-253). As a result of the encounter, the police obtained probable cause to arrest the defendant, and the statements subsequently made by him during questioning at the police station were therefore not taken in violation of the principles enunciated in Dunaway v New York (442 US 200).

In view of the brutal nature of the murder committed by the defendant, we do not consider the imposition of the maximum sentence to have been excessive.

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.