■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHANNON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered December 2, 1986, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the in-court identification testimony of the complainant.

Ordered that the judgment is affirmed.

The hearing court properly permitted the complainant to make an in-court identification of the defendant, although evidence of the showup identification had been suppressed. Clear and convincing evidence supported the determination that the complainant had an independent basis upon which to identify his assailant *(see, People v Ballott,* 20 NY2d 600, 606-607); he had observed the defendant as he approached, as well as face to face from only inches away during the altercation *(see, People v Wright,* 112 AD2d 179).

The defendant contends that the complainant, because of his criminal history, should not have been believed by the jury. However resolution of issues of credibility, as well as the

weight to be accorded to the evidence presented, are primarily to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Moreover, the defendant's conviction was obtained following a fair trial. The court did not abuse its discretion in finding that there was not a good-faith basis for a certain question put to the complaining witness during cross-examination. The trial ruling requiring the defendant to display his tatooed arms for the witness did not violate his privilege against self-incrimination, since it merely compelled the defendant to exhibit physical characteristics *(see, United States v Dionisio,* 410 US 1, 5-6; *People v Brown,* 133 AD2d 464).

The trial court properly refused to give the jury a missing witness charge concerning the police officers the complainant spoke with after the incident. The testimony of those officers could only have been either cumulative, immaterial or irrelevant *(see, People v Almodovar,* 62 NY2d 126).

The sentence imposed was appropriate under the circumstances. We have considered the defendant's remaining contentions and find that they are unpreserved for appellate review and, in any event, without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.