■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant

On the night of November 13, 1984, the defendant Brown and two others blocked Karen Moore's passage on the corner of Pulaski and Tompkins Avenue in Brooklyn. One of Brown's companions held a hard object to her chest and removed a gold chain from her neck, while the other companion demanded her money. Immediately thereafter Ms. Moore described the trio's apparel to the police, and the three were apprehended a few blocks away within 10 minutes of the robbery.

The defendant's contention that the complainant had only a limited opportunity for observation and that her identification testimony was therefore too weak to establish his guilt is without merit. The complainant clearly had ample opportunity to observe the defendant, who had stood facing her only a foot away for several minutes on a well-lighted street.

The defendant's claim that the arresting officer's testimony that he radioed the complainant's description of her attackers' clothing to other police units constituted improper "bolstering" is unpreserved for appellate review, since he failed to object during trial *(People v King,* 121 AD2d 471, *lv denied* 68 NY2d 758). In any event, since the officer did not testify that the complaining witness made an out-of-court identification, his testimony was not "bolstering" *(see, People v Rhone,* 115 AD2d 669). Moreover, the defendant's attorney cross-examined the arresting officer extensively on this very issue, in an attempt to uncover discrepancies and to discredit the descrip-

tion testimony of the complaining witness. That strategy failed, and the defendant may not relitigate his case on appeal *(People v Littlejohn,* 72 AD2d 515).

Lastly, we have reviewed the defendant's sentence and find it to be fair and appropriate under the circumstances *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.