■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC SAMUELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 10, 1985, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 26, 1983, a gunman exited an automobile which had pulled up to a Queens apartment building and fired shots at several people seated on the apartment stoop wounding one person and killing another. A detective who was assigned to the case testified that upon his arrival at the scene, a man emerged from the crowd and handed him a photograph, but declined to identify himself and departed before the officer could question him. Subsequently, the officer displayed the photograph to three other witnesses who identified the defendant.

Thereafter, at the trial, when the prosecutor attempted to elicit the circumstances surrounding the detective's receipt of the photograph, the defense counsel objected, but through his objection—which was sustained—sought only to preclude the admission of conversations which may have occurred between the detective and the unidentified male. No objection was registered when the prosecutor offered the photograph itself into evidence. Subsequently, during cross-examination of the detective, the defense counsel questioned him extensively with respect to his receipt of the photograph and further mentioned it in his summation.

On appeal, and for the first time, the defendant contends that the admission of the photograph was error inasmuch as it constituted "implicit hearsay" that an unknown male had identified him as the assailant. We note initially, that since the defendant failed to register any objection to the admission of the photograph, his present contention is unpreserved for

appellate review *(see,* CPL 470.05 [2]; *see also, People v Donovan,* 59 NY2d 834, 836; *People v Qualls,* 55 NY2d 733).

The record discloses that the defense counsel purposely delved into the circumstances surrounding the detective's receipt of the photograph as part of his strategy at trial. In both his cross-examination of the detective and later in his summation, the defense counsel sought to establish that the unknown male was actually the prosecution's key witness and that he provided the photograph because he allegedly harbored a grudge against the defendant. Since the defense counsel, through his cross-examination and summation comments, attempted to exploit the testimony concerning the photograph in order to discredit the prosecution's witness, he may not argue now that its admission was error merely because his strategy was unsuccessful *(see, People v St. Pierre,* 131 AD2d 520, 521, *cf., People v Brown,* 140 AD2d 362).

In addition, under the circumstances of this case, we do not consider the imposition of the maximum sentence to have been excessive. The defendant has an extensive criminal record which includes prior felony convictions for such violent crimes as robbery and kidnapping *(see, People v Thames,* 131 AD2d 522, *lv denied* 70 NY2d 717; *People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contention and find it to be without merit *(see, People v Williams,* 131 AD2d 525, *lv denied* 70 NY2d 718; *see also, People v Fulton,* 138 AD2d 514, *lv denied* 71 NY2d 1027; *People v Higgins,* 137 AD2d 620, *lv denied* 71 NY2d 897). Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.