■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX BROWN, Also Known as MAURICE HILL, Appellant.—

---

Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered October 26, 1987, convicting defendant, upon his guilty plea, of burglary in the third degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 2½ to 5 years, is unanimously affirmed, and the order of the same court, entered July 31, 1989, denying defendant's CPL 440.10 motion, is unanimously affirmed.

Contrary to defendant's contentions, the court correctly determined that his postconviction motion, alleging ineffective assistance of counsel on his speedy trial motion, did not warrant a full hearing (*People v Satterfield*, 66 NY2d 796). To be entitled to such, a defendant must show the existence of nonrecord issues of fact, and the court may deny the motion without a hearing if "circumstances attending the case" show that "there is no reasonable possibility" that such issues of fact exist (CPL 440.30 [4] [b], [d]; *People v Harris*, 131 AD2d 142, 144). Moreover, the delay in locating defendant was not chargeable to the People. The period following his arrest on unrelated charges was excluded as he was unidentified due to his use of an alias upon his previous arrest (*People v Rivera*, 106 AD2d 278). Counsel also correctly informed defendant that he could appeal from the denial of his speedy trial motion since the motion had been couched in constitutional terms, and a constitutional right to a speedy trial, unlike a statutory right, is not forfeited by a guilty plea (*People v Taylor*, 65 NY2d 1). Nor did the court abuse its discretion in sentencing defendant (*People v Farrar*, 52 NY2d 302, 305-306). While defendant had been promised a lesser sentence if the People reported that he had cooperated in an unrelated homicide investigation, the prosecution informed the court that no useful information had been provided. Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.