■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOUNG BOOM KIM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered February 17, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At a pretrial *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) the trial court ruled that if the defendant chose to testify, the People would be permitted to cross-examine him regarding, in relevant part, the underlying facts of a pending indictment in Illinois, which facts related to the defendant's credibility as a witness. Since the defendant did not challenge the *Sandoval* ruling on the ground that it violated his right against self-incrimination, that issue is not preserved for appellate review *(see, People v Pavao,* 59 NY2d 282, 292, n 3; *cf., People v Betts,* 70 NY2d 289). In any event, the prosecutor asked only one question concerning the underlying facts of the Illinois indictment, and he did not pursue the defendant's denial. Accordingly, any error was harmless *(see, People v Shields,* 46 NY2d 764).

The defendant's further claim that the trial court erred in failing to deliver a justification instruction with regard to the charge of assault in the second degree is similarly unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, there was no reasonable interpretation of the evidence which

could lead the jury to conclude that the defendant reasonably believed the use of force was necessary *(see, People v Reynoso,* 73 NY2d 816, 818; *People v Vasquez,* 161 AD2d 678; *People v Odinga,* 143 AD2d 202, 203-205).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953), or without merit. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.