THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASCUAL BRITO, Appellant

The defendant was convicted of robbery in the first degree for his participation in the armed robberies of two Brooklyn stores. At the time of trial, five other indictments were pending against the defendant for the commission of similar but unrelated robberies. Following a pretrial *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371), the Supreme Court ruled that if the defendant chose to testify, the People would be permitted to inquire into the underlying facts of two of the pending indictments, since these facts related to the defendant's credibility as a witness. On appeal, the defendant contends, *inter alia,* that the court's *Sandoval* ruling was erroneous because it violated his right against self-incrimination. However, as the defendant failed to advance this claim at the *Sandoval* hearing, his present contention is unpreserved for appellate review *(see, People v Young Boom Kim,* 170 AD2d 707; *People v Keating,* 159 AD2d 977), and we decline to reach it in the exercise of our interest of justice jurisdiction.

We further reject the defendant's contention that the lineup identifications conducted by the police were unduly suggestive. There is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in physical appearance *(see, People v Stephens,* 143 AD2d 692, 695; *People v Diaz,* 138 AD2d 728), and the record reveals that the lineup stand-ins were reasonably similar in appearance to the defendant. Moreover, telling the witnesses that a suspect would be in the lineup was not unduly suggestive *(see, People v Rodriguez,* 64 NY2d 738, 740-741; *People v Logan,* 25 NY2d 184, 192, *cert denied* 396 US 1020; *People v Bolling,* 142 AD2d 733).

The defendant's contention that it was improper for the court to compel him to display himself before the jury is also without merit. "It has long been held that the compelled display of identifiable physical characteristics infringes no

interest protected by the privilege against compulsory self incrimination" *(United States v Dionisio,* 410 US 1, 5-6; *see also, Schmerber v California,* 384 US 757, 764; *People v Shannon,* 137 AD2d 850; *People v Brown,* 133 AD2d 464).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.