■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHIE N'GUYEN, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered February 14, 1991, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him as a second felony offender to a prison term of 7½ to 15 years, unanimously affirmed.

Defendant and others surrounded the complainant in the process of robbing him of his personalty. Defendant punched the complainant twice in the face, as another perpetrator instructed the complainant not to talk back.

Defendant's contention that the complainant's failure to testify on direct examination that money was taken from him renders the evidence legally insufficient to support a charge of robbery, is without merit. The theory of the People's case was that money had been taken from the complainant, which was elicited from complainant on cross-examination, and defense counsel himself conceded that the robbery had occurred *(see, e.g., People v Kirkpatrick,* 32 NY2d 17, 21-22, *appeal dismissed* 414 US 948; *People v Goldstein,* 120 AD2d 471, 473). Defendant's present claim that the complainant's statement to police was impermissible hearsay was not challenged as such at trial, and is unpreserved for review as a matter of law. Absent such a request for any curative relief, the statement was properly received into evidence *(see, Matter of MacDonald,* 40 NY2d 995, 996; *cf., People v Tucker,* 174 AD2d 447). The jury received instructions that their recollection of the evidence governed, and that comments on summation constituted only argument. Further, the jury twice heard read-back testimony of the alibi witnesses, and had ample opportunity to evaluate that evidence.

As to defendant's remaining claims, we find them to be unpreserved for appellate review. Were we to review in the interest of justice, we would find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.