■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DAVIS, Appellant. [622 NYS2d 805] —Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Jonas, J.), rendered November 25, 1992, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered November 18, 1993, vacating the sentence previously imposed, adjudicating him a persistent violent felony offender, and imposing a new sentence. The appeal brings up for review the denial, after a hearing (Thorp, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the amended judgment are affirmed.

Upon viewing the totality of the circumstances surrounding the pretrial identification of the defendant *(see, People v Logan,* 25 NY2d 184, 191, *cert denied* 396 US 1020), there is no basis in the record to disturb the determination of the hearing court *(see, People v Ballard,* 140 AD2d 529). The mere fact that the two complaining witnesses viewed and selected the defendant's photograph from an array and then only three days later selected the defendant in a lineup is not a ground for concluding that the procedure was so conducive to the possibility of irreparable misidentification as to require suppression *(see, People v Denny,* 177 AD2d 589). Further, there is no evidence in the record to support the defendant's contention that the identification procedures were compromised by the fact that the defendant's position at both the lineup and the photo array was the same.

The defendant's claim that the identification procedures were faulty because the fillers of the lineup were starkly different is unavailing, since there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in physical appearance *(see, People v Brito,* 179 AD2d 666). The participants of the lineup were reasonably similar to the defendant *(see, People v Brito, supra).*

The record establishes that the defendant has two prior judgments of conviction, one for robbery in the second degree, a class C violent felony offense (Penal Law § 70.02 [1] [b]) and the other for assault in the second degree, a class D violent

felony offense (Penal Law § 70.02 [1] [c]). Thus, contrary to the defendant's contention, he was properly adjudicated to be a persistent violent felony offender upon the instant conviction of robbery in the second degree (see, Penal Law § 70.08 [1]; § 70.04 [1]; § 70.02 [1]).

The defendant's remaining contention is without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.