■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GRAHAM, Appellant. [644 NYS2d 203]

Viewed in a light most favorable to the People, the evidence showed that defendant was part of a mob that descended on the job site, not to request jobs, but to terrorize an insufficiently compliant contractor by presence in force and with crude weaponry, in full public view and with obviously intended public consequences, and was ample to prove intent to cause "public alarm" (Penal Law § 240.06 [a]).

By acquiescing in joinder of defendant's and codefendant Ortiz's indictments, failing to request severance at any time, failing to seek any relief at or after the suppression hearing at which Ortiz's statement was ruled admissible against Ortiz, and by only raising the *Bruton* claim as the testimony was about to be received into evidence, defendant waived his present claim that he was denied the right of confrontation with respect to the non-testifying Ortiz's statement. Defendant's untimely objection made it impossible for the court to consider relief such as severance or redaction. In any event, given the overwhelming evidence, defendant's own admissions, the fact that this was a riot prosecution rather than an assault prosecution, and the fact that the inculpatory reference to defendant put him in a defensive, rather than an assaultive, posture, any error was harmless beyond a reasonable doubt (*see, People v Hamlin*, 71 NY2d 750, 758). Defendant's claim that the court failed to give a proper limiting instruction with respect to Ortiz's statement, as it had promised to do, is unpreserved for review (*People v Whalen*, 59 NY2d 273, 280; *see also, People v Arroyo*, 209 AD2d 328, *lv denied* 85 NY2d 859), and we decline to review it in the interest of justice. Defendant's challenges to certain of the prosecutor's summation comments, which for the most part were responsive to defendant's mischaracterization of the evidence, are also unpreserved, defendant having failed to seek further curative relief after his objections to the comments were sustained (*People v Medina*, 53 NY2d 951), and we decline to review them in the interest of justice. We have considered defendant's remaining contentions and find them to

be without merit. Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.