■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MORALES, Appellant. [668 NYS2d 17] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered April 25, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause was supplied by the radio transmission from the purchasing undercover officer, which included a detailed description of the two suspects and their exact location. The descriptions of the two suspects, the only two persons at that location matching the descriptions, were sufficiently specific to ensure that the pair of individuals arrested was the same pair of individuals involved in the drug transaction (*see, People v Ward*, 182 AD2d 573, *lv denied* 81 NY2d 849; *People v Acevedo*, 179 AD2d 465, 466, *lv denied* 79 NY2d 996). The evidence was legally sufficient to establish defendant's guilt and the verdict was not against the weight of the evidence. There was ample evidence of defendant's intentional participation in the drug transaction (*see, People v Tinsley*, 242 AD2d 439). Issues of credibility were properly presented to the jury and we find no reason to disturb its determination.

Defendant's claims that certain testimony he elicited on cross-examination of a police witness constituted hearsay and uncharged crimes evidence, and that the elicitation of such testimony resulted from misleading pretrial disclosure by the People, are unpreserved. Defendant failed to object, extensively pursued cross-examination on the same subject, failed to accept the court's offer to strike the testimony, and abandoned a tentative request for a limiting instruction. Interest of justice review is not warranted, particularly because defendant exploited the challenged testimony to his advantage (*see, People v Flores*, 210 AD2d 1, *lv denied* 84 NY2d 1031; *People v Littlejohn*, 72 AD2d 515). We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Williams, Andrias and Colabella, JJ.