■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL GONZALEZ, Also Known as RAFAEL GONZALEZ, Defendant-Appellant. [670 NYS2d 852] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered July 9, 1993, convicting defendant, after a jury trial, of three counts of robbery in the second degree and one count of burglary in the second degree, and sentencing him, as a second felony offender, to four concurrent terms of 7½ to 15 years, unanimously affirmed.

Under the particular circumstances, the People were properly permitted to elicit, on redirect examination of a detective witness, the fact that defendant had been identified by a codefendant. The prosecutor was not required to provide defendant with CPL 710.30 notice since the codefendant was not a witness at trial. Furthermore, defendant's right to confrontation was not violated. The codefendant's identification of defendant was not offered for its truth or to identify defendant as the perpetrator of the crime, but rather to explain why the police arrested defendant, where the defense had clearly opened the door (see, People v Melendez, 55 NY2d 445) to testimony concerning prior identifications of defendant as a suspect. In any event, were we to find any error in this regard, we would find it harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt, including defendant's own confession and extensive identification testimony.

The People were properly permitted to elicit, on further redirect examination of the detective, that the codefendants made written statements, the contents of which were not revealed to the jury, and that these statements were shown to defendant during interrogation. Rather than improperly stating that the codefendants' statements led him to arrest defendant, the detective merely conveyed the circumstances under which defendant's own statement to the police was given (see, People v Hincapie, 217 AD2d 401, lv denied 86 NY2d 843), where defendant had likewise opened the door to such testimony. We similarly conclude that any error would be harmless in view of the overwhelming evidence of guilt.

Defendant's remaining challenges to the court's evidentiary rulings are unpreserved for lack of specific objection, and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

The challenged portions of the People's summation do not warrant reversal. The majority of the challenged comments constituted a proper response to the summation of defense counsel (People v Galloway, 54 NY2d 396) and, although some

would be better left unsaid, there was no obdurate pattern of inflammatory remarks or of egregious and pervasive prosecutorial misconduct, warranting a new trial (*see, People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884). Concur—Wallach, J. P., Rubin, Williams, Mazzarelli and Saxe, JJ.