■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DOMINGUEZ, Appellant. [685 NYS2d 14] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 19, 1995, convicting defendant, after a jury trial, of two counts each of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 12½ to 25 years on the attempted murder convictions and concurrent terms of 7½ to 15 years on the remaining convictions, unanimously af-

firmed. Order, same court and Justice, entered on or about January 22, 1998, which denied defendant's motion to vacate the judgment of conviction, unanimously affirmed.

Defendant did not preserve by specific objection his current claims regarding evidence of photo array and lineup identifications made by a person who did not testify (*see*, *People v West*, 56 NY2d 662), and we decline to review these claims in the interest of justice. Were we to review these claims, we would find that, in the circumstances presented, the People were properly permitted to introduce police testimony regarding prior identification procedures, since such testimony was not offered for its truth or to identify defendant as the perpetrator of the crime, but rather to explain why the police focused on defendant as a suspect (*see*, *People v Gonzalez*, 249 AD2d 24).

Since defendant conceded the propriety of the court's ruling on admissibility of uncharged crimes evidence as relevant to motive, and affirmatively used the evidence in cross-examination, he has waived any claim that the evidence was introduced solely or primarily to demonstrate criminal propensity. We conclude that defendant likewise waived any claim that this evidence included hearsay. Further, since defendant did not object to the court's limiting instructions or request further instructions, he may not now properly claim that the court's instructions were inadequate (*see*, *People v Santiago*, 52 NY2d 865). In light of the court's *in limine* rulings, the prosecutor was entitled to comment on the evidence of motive in opening and in summation.

The court properly denied defendant's CPL 440.10 motion alleging ineffective assistance of counsel, on the ground that defendant had filed a previous CPL 440.10 motion and could have raised the issues set forth in the second application on the first but failed to do so (CPL 440.10 [3] [c]). In any event, a hearing in connection with the instant motion was not required because defendant did not allege the existence of relevant non-record issues of fact and the circumstances attending the case show that there is no reasonable possibility that such issues of fact exist (*People v Brown*, 160 AD2d 256, *lv denied* 76 NY2d 785). The record before the motion court permitted a finding that defendant received effective assistance of counsel (*People v Satterfield*, 66 NY2d 796; *see also*, *People v Benevento*, 91 NY2d 708, 713-714). Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.