■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYDE REID, Appellant. [686 NYS2d 766] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered July 22, 1997, convicting him of bur-

glary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his motion for a mistrial was improperly denied when the prosecutor elicited inflammatory, irrelevant, and prejudicial testimony. We disagree. The trial court properly denied the defendant's motion which was based on testimony of a police officer who testified that he was familiar with the defendant and that the defendant had previously used an abandoned house which was searched for stolen items. The evidence was relevant to the issue of identity and did not necessarily implicate the defendant in prior uncharged criminal conduct. Therefore, the potential for prejudice implicit in the police officers' testimony did not outweigh its probative value (*see, People v Ramos,* 209 AD2d 448; *People v Dawson,* 115 AD2d 612, 613). Furthermore, the evidence did not "concern the type of illegal or immoral conduct which would deprive defendant of a fair trial" (*People v Gonsa,* 220 AD2d 27, 30).

The defendant's contention that the People failed to prove beyond a reasonable doubt that he was guilty of burglary in the third degree, and that the evidence was insufficient as to the complainant's identification of him as the burglar, is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Norman,* 85 NY2d 609, 624; *People v Howard,* 162 AD2d 408, 409). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the complainant correctly identified the defendant as the person who knowingly entered or remained unlawfully in his building with the intent to commit a crime therein (*see, People v Cabey,* 85 NY2d 417). Moreover, the discrepancies between the complainant's and police officers' description of the defendant concern issues of credibility. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v*

*Suitte,* 90 AD2d 80). Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.