■ The People of the State of New York, Respondent, v Diego Lopez, Appellant. [734 NYS2d 60] —Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered February 16, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a

term of seven years to life, and order, same court and Justice, entered on or about September 8, 2000, which summarily denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

There were no factual issues warranting a hearing on defendant's motion to vacate judgment (*see, People v Satterfield,* 66 NY2d 796; *People v Dominguez,* 257 AD2d 511, *lv denied* 93 NY2d 872). The record before the motion court clearly established that the People rejected defendant's proposed cooperation agreement solely because defendant was on lifetime parole as the result of a previous conviction of second-degree possession and sentence of four years to life, and that any misconduct or misstatements by defendant's original attorney had no impact on the disposition of the case. Moreover, defendant forfeited his claim of ineffective assistance by his original attorney when his new attorney, who was aware of the actions of the first attorney, competently advised defendant to plead guilty nonetheless (*see, People v Petgen,* 55 NY2d 529, 532, 534-535).

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.