■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULRICK PRESCOTT, Appellant. [751 NYS2d 507] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered September 18, 2000, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor improperly was permitted to elicit testimony from an undercover officer that he had seen the defendant before the incident and remembered his last name, and then permitted to refer to that testimony in summation, although the prosecutor knew that the defendant had no prior convictions. This contention, however, is unpreserved for appellate review inasmuch as the defendant failed to specifically object to the testimony and failed to object to the summation remark (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838; *People v Tevaha,* 84 NY2d 879; *People v Dien,* 77 NY2d 885). In any event, this evidence was relevant to the issue of the defendant's identification and did not necessarily implicate him in any prior drug-related activity or uncharged crime (*see People v Gardner,* 292 AD2d 464, *lv denied* 98 NY2d 675; *People v Reid,* 259 AD2d 505; *People v Johnson,* 215 AD2d 258; *People v Dawson,* 115 AD2d 612). Accordingly, since the potential for prejudice implicit in the officer's testimony did not outweigh its probative value, the testimony was properly admitted. Moreover, the prosecutor's reference to this testimony in summation was a fair response to the defense counsel's assertion in summation that the police arrested the wrong man and attacking the credibility of the undercover officer (*see People v Wynn,* 222 AD2d 470), and had no reasonable possibil-

ity of misleading the jury that the defendant was previously involved in drug-related activity (*cf. People v Alicea,* 37 NY2d 601).

The defendant's contention that the prosecutor improperly stated during summation that the defendant's two businesses did not exist when she knew that they did is also unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any impropriety in this one isolated remark was not so prejudicial as to require reversal in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230). Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.