Mugglin, J.
Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 6, 2002, which revoked defendant’s interim probation and imposed a sentence of imprisonment.
On August 16, 2001, defendant pleaded guilty to the crimes of rape in the third degree (two counts), sodomy in the third degree (two counts) and incest, in full satisfaction of a 50-count indictment. Under the terms of the plea agreement, defendant was to be sentenced to a one-year period of interim probation which, if successfully completed, would be followed by a sentence of no greater than six months’ incarceration and 10 years’ probation. Defendant waived his right to appeal, specifically waiving any challenge to the imposition of 10 years’ probation. As part of these conditions, defendant was subject to 180 days of electronic home monitoring and was prohibited from the use of any illicit substance. Mandatory testing was ordered to monitor this condition.
The probation department filed a petition which charged defendant with violating the home monitoring and use of illicit substance conditions. County Court conducted a hearing and determined that a preponderance of the evidence showed that defendant violated a condition by testing positive for the use of marihuana and cocaine. Although it is less clear whether County Court found defendant violated the terms of his home monitoring, the court’s overall statement indicates that a violation was not found. Defendant was resentenced to concurrent prison terms of V-fe to 4 years for one count of rape in the third degree, one count of sodomy in the third degree and incest; defendant was also sentenced to concurrent prison terms of 1 to 4 years for the second count of rape in the third degree and the second count of sodomy in the third degree, with these latter sentences to run consecutively to the former. Defendant appeals.
With respect to the violation of consumption of illicit substances, defendant contends that the results of the test should not have been admitted into evidence, since there was no proper evidentiary foundation regarding the nature of the test, the competency of the probation officer to administer the test or read the test results, nor proof of the acceptance by the scientific community that the test is reliable. We find these contentions to be meritless. First, the testimony of the probation officer adequately establishes his training and experience with respect to the administration of the drug test and his observance of proper testing procedures. Second, in circumstances where the drug detection test has gained general judicial acceptance, neither expert testimony nor detailed findings by the sci *635 entific community are necessary as part of the foundation for the admissibility of the drug test results (see Matter of Lahey v Kelly, 71 NY2d 135, 144 [1987]). Since the drug test (EMIT) employed by the probation officer has been generally recognized as scientifically reliable and is accepted by the courts of this state, no scientific proof as to the reliability of such test is necessary (see id. at 144). Moreover, CPL 410.70 outlines the nature and procedure of violation hearings and, therefore, defendant’s contention that this Court should adopt the more stringent standards and procedures used in prison disciplinary proceedings is without merit.
Next, we find no merit to defendant’s present argument that the indeterminate prison sentence of 1 to 4 years imposed on the conviction for rape in the third degree and sodomy in the third degree, both class E felonies, is improper. Except for a conviction for a class B felony under Penal Law § 220.44 (2), the minimum sentence for a felony shall be not less than one year nor more than one third of the maximum term imposed (see Penal Law § 70.00 [3] [b]). Since the maximum term of imprisonment on a class E felony is four years (see Penal Law § 70.00 [2] [e]), the minimum sentence imposed by County Court is proper.
Finally, defendant correctly maintains that the portion of the original plea bargain which included a 10-year period of probation was unauthorized at the time. However, the original sentence was properly revoked by County Court, rendering this issue moot.
Cardona, PJ., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.