■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SPRAGIS, Appellant. [772 NYS2d 628]—

Rose, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered May 21, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

As a result of defendant's alleged use of marihuana, he was charged with violating a condition of his probation prohibiting him from consuming illegal substances. After a hearing, County Court sustained the charge and sentenced defendant to 60 days in jail and a continuation of probation. He now appeals.

While we agree with defendant that the evidence of his use of marihuana included hearsay, we cannot agree that the evidence was legally insufficient to support County Court's finding of a

probation violation. To be sure, hearsay evidence, standing alone, is insufficient to prove a violation of probation, but it is admissible in a probation violation hearing and may be considered with other evidence (*see People v Costanza*, 281 AD2d 120, 124 [2001], *lv denied* 96 NY2d 827 [2001]; *People v Randolph*, 195 AD2d 699, 699 [1993]). Here, the evidence was not limited to hearsay.

Defendant's probation officer testified to the procedure that he followed in conducting a routine drug test of defendant's urine and the positive results obtained for both marihuana and opiates. Because defendant did not challenge the reliability of the drug test or the officer's competency to administer the test or read its results, we find the officer's testimony to be properly admitted as competent, nonhearsay evidence of defendant's use of marihuana (*see People v Whalen*, 1 AD3d 633, 634-635 [2003]). The probation officer's positive test result for marihuana was confirmed both by hearsay evidence of an independent laboratory analysis described in further cross-examination of the officer and through the testimony of defendant's substance abuse counselor regarding her own positive test result. In response to defense counsel's inquiry, the probation officer testified that he sent defendant's urine sample to a laboratory for further testing and received a report confirming the presence of cannabinoids, but not opiates. Since defense counsel did not object to this testimony as hearsay and, in fact, elicited it specifically to show that the test result obtained by the officer indicating the presence of opiates was not confirmed by laboratory testing, we consider any challenge to County Court's consideration of this evidence to have been waived (*see People v Morales*, 246 AD2d 396, 397 [1998], *lv denied* 91 NY2d 943 [1998]; *People v N'Guyen*, 184 AD2d 274, 274 [1992]). This line of questioning was also consistent with the defense's strategy at the hearing to effectively concede the presence of cannabinoids, but then show that defendant had unknowingly ingested marihuana.

Accordingly, we find that County Court's decision is supported by a preponderance of the evidence (*see* CPL 410.70 [3]). We have considered defendant's remaining claim of ineffective assistance of counsel and find it also to be without merit (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Curry*, 294 AD2d 608, 611 [2002], *lv denied* 98 NY2d 674 [2002]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).