THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON BLACKMAN, Appellant. [789 NYS2d 57]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered September 29, 2003, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the Supreme Court erroneously admitted into evidence an audiotape of the complainant's telephone call to the 911 emergency number because it constituted hearsay and violated his constitutional right to confront a witness (*see* CPL

470.05 [2]; *People v Qualls,* 55 NY2d 733, 734 [1981]; *People v Young,* 308 AD2d 555, 556 [2003]; *People v Moreno,* 303 AD2d 424 [2003]; *People v Alvarado,* 294 AD2d 155, 156 [2002]; *People v Perone,* 119 AD2d 838 [1986]). In any event, his contention is without merit. The complainant's statements on the audiotape constituted an excited utterance because he remained under the stress of excitement caused by the robbery when he made the call (*see People v Simpson,* 238 AD2d 611, 612 [1997]; *People v Ruiz,* 235 AD2d 280 [1997]; *People v Davis,* 203 AD2d 300 [1994]; *People v Gonzalez,* 193 AD2d 360, 361 [1993]). Moreover, the defendant waived his contention that portions of the audiotape should have been redacted to exclude statements made by the complainant that were not based upon his personal knowledge and to exclude the voice of a nonwitness heard on the tape (*see People v Spragis,* 5 AD3d 814, 815 [2004]; *People v Young,* 296 AD2d 588, 590 [2002]; *People v Dominguez,* 257 AD2d 511, 512 [1999]; *People v Graham,* 228 AD2d 299 [1996]; *People v Samuels,* 143 AD2d 856, 857 [1988]). The defendant neither objected to the admission of the full tape, nor requested redaction, and he affirmatively used the complainant's statements on the tape during his cross-examination of the complainant and during summation to argue that the complainant's testimony was not credible (*see People v Spragis, supra* at 815; *People v Young, supra* at 590; *People v Dominguez, supra* at 512; *People v Samuels, supra* at 857).

In addition, the defendant failed to preserve for appellate review his contention that testimony regarding his black eye, elicited by the prosecution on its direct case, was irrelevant and overwhelmingly prejudicial in its tendency to show that he had a propensity for violence (*see* CPL 470.05 [2]; *People v Taylor,* 302 AD2d 480, 481 [2003]). In any event, the defendant's contention is without merit because the evidence regarding his black eye was relevant to the issue of identity and it did not necessarily show a propensity for violence (*see People v Gordon,* 308 AD2d 461 [2003]; *People v Reid,* 259 AD2d 505 [1999]; *People v Gardner,* 292 AD2d 464 [2002]; *People v Ramos,* 209 AD2d 448 [1994]).

The defendant also failed to preserve for appellate review his contention that the Supreme Court improperly allowed the prosecution to cross-examine him regarding a marijuana conviction and prior bad acts which occurred on May 26, 2002 (*see* CPL 470.05 [2]; *People v Batista,* 4 AD3d 222 [2004]; *People v Villanueva,* 289 AD2d 425 [2001]; *People v Brito,* 179 AD2d 666 [1992]; *People v Kim,* 170 AD2d 707 [1991]). In any event, his contention is without merit, as his prior conviction and prior

bad acts were probative on the issue of the defendant's credibility and his willingness to place his own interests before the interests of society (*see People v Bennett,* 79 NY2d 464, 468 [1992]; *People v Sandoval,* 34 NY2d 371, 375 [1974]; *People v Dwyer,* 243 AD2d 645 [1997]; *People v Brown,* 262 AD2d 328 [1999]). The probative value of this evidence outweighed any potential for unfair prejudice, especially in view of the limitations placed upon the prosecutor's questioning by the Supreme Court (*see People v Sandoval, supra* at 375-376; *People v Rivera,* 259 AD2d 570 [1999]). Moreover, the prosecutor's questions regarding the defendant's prior bad acts did not violate the defendant's privilege against self-incrimination since those acts were not the subject of a pending, unrelated criminal charge (*cf. People v Betts,* 70 NY2d 289, 291 [1987]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.