People v Jordan (2018 NY Slip Op 08956)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Jordan

2018 NY Slip Op 08956

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2014-10596
(Ind. No. 13-00726)

[*1]The People of the State of New York, respondent,
vMichael Jordan, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered October 14, 2014, convicting him of robbery in the second degree, grand larceny in the fourth degree (two counts), petit larceny (two counts), criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial established that the defendant and two other individuals robbed the owner of a car wash at gunpoint. Following a jury trial, the defendant was convicted of robbery in the second degree, among other crimes.
The defendant correctly contends that the County Court erred in denying his request for a jury charge on cross-racial identification. In People v Boone (30 NY3d 521, 526), the Court of Appeals held that where, as here, "identification is an issue in a criminal case and the identifying witness and defendant appear to be of different races, upon request, a party is entitled to a charge on cross-racial identification." Contrary to the People's contention, Boone applies retroactively to cases pending on direct appeal (see People v Mitchell, 80 NY2d 519, 527-528; People v Pepper, 53 NY2d 213; see e.g. People v Bradley, 160 AD3d 760).
Nevertheless, the County Court's failure to give a cross-racial identification charge constituted harmless error. At trial, the complainant identified the defendant as one of the three perpetrators who robbed him inside the office of the car wash. The evidence at trial established that shortly after the robbery, a police officer located the defendant and his accomplices, who matched the descriptions of the perpetrators, in a car. The defendant and his accomplices then led the police on a high-speed car chase and a subsequent chase on foot. When the defendant was apprehended following the foot chase, the police searched him for weapons, and the defendant stated, "they're not on me, the guns are in the car." The guns and proceeds of the robbery were found in the car from which the defendant and his accomplices fled. Additionally, money that the complainant had withdrawn from the bank earlier that day, which was bound with blue bands, was recovered from [*2]a jacket the defendant had discarded as he was running from the police. Under these circumstances, the error in failing to give the charge on cross-racial identification was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the defendant would have been acquitted if not for the error (see People v Crimmins, 36 NY2d 230, 241-242; People v Bradley, 160 AD3d at 762).
The defendant contends that the People were improperly allowed to elicit testimony from two witnesses that bolstered each other's identifications of the defendant (see People v Trowbridge, 305 NY 471). However, the defendant's contention is without merit. Neither witness testified to any prior out-of-court identification of the defendant (see People v Lassiter, 74 AD3d 1094; People v Brown, 140 AD2d 362; People v Johnson, 137 AD2d 719, 720-721; People v Bonnet, 134 AD2d 436, 437).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court