People v Pressley (2021 NY Slip Op 07420)





People v Pressley


2021 NY Slip Op 07420


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1018 KA 16-02270

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN J. PRESSLEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered September 13, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts) and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and resisting arrest (§ 205.30). Contrary to defendant's contention, we conclude that Supreme Court did not err in discharging a juror over his objection. The trial court is generally "accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35" (People v Rodriguez, 71 NY2d 214, 219 [1988]), and " '[a] determination whether a juror is . . . grossly unqualified, and subsequently to discharge such a juror, is left to the broad discretion of the court' " (People v Jean-Philippe, 101 AD3d 1582, 1582 [4th Dept 2012]). Here, upon the court's " 'probing and tactful inquiry' into the facts of the situation" (People v Harris, 99 NY2d 202, 213 [2002]), the juror admitted that he failed to appear for jury duty on two consecutive days because he overslept due to his overnight work schedule. Moreover, the juror admitted that he would be concerned about work while performing his duty as a juror. Recognizing that "[t]he decision to disqualify turns on the facts of each particular case, and according deference to the court's evaluation of the juror's answers and demeanor," we perceive no basis to disturb the court's determination (People v Abdul-Jaleel, 142 AD3d 1296, 1297 [4th Dept 2016], lv denied 29 NY3d 946 [2017] [internal quotation marks omitted]; see People v Daniels, 59 AD3d 730, 730-731 [2d Dept 2009], lv denied 12 NY3d 852 [2009]; People v Cook, 275 AD2d 1020, 1021 [4th Dept 2000], lv denied 95 NY2d 933 [2000]).
Defendant's contention that the court erred in denying his request for a missing witness charge with respect to an arresting officer is unpreserved for our review. While defendant indicated during a pretrial hearing and during certain testimony that he was going to request a missing witness charge, no such charge was actually requested (see generally People v Roseboro, 151 AD3d 526, 526 [1st Dept 2017], lv denied 30 NY3d 983 [2017]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We have considered defendant's remaining contention and conclude that it is without merit.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court