People v Dragani (2022 NY Slip Op 02277)

People v Dragani

2022 NY Slip Op 02277

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2017-12917
 (Ind. No. 16-00742)

[*1]The People of the State of New York, respondent,
v
Lee Dragani, appellant.

Steven A. Feldman, Manhasset, NY (Arza Feldman of counsel), for appellant, and appellant pro se.
Miriam E. Rocah, District Attorney, White Plains, NY (Jordan K. Hummel, Christine DiSalvo, and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Helen M. Blackwood, J.), rendered November 8, 2017, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant preserved for appellate review his contention that the Supreme Court erred by permitting an investigating detective, who was not a witness to the crime in question, to testify that he had "interacted" with the defendant in the community more than 30 times and that he believed an individual shown in certain surveillance videos was the defendant. However, that contention is without merit. The defendant's contention that the admission of this testimony deprived him of his constitutional right to a fair trial is unpreserved for appellate review because he did not assert a constitutional violation at trial (see CPL 470.05[2]), and in any event, that contention is also without merit. This testimony was relevant to the issue of identity (see People v Martinez, 164 AD3d 1260, 1262; People v Daniels, 140 AD3d 1083, 1084; People v Ray, 100 AD3d 933; People v Vega, 37 AD3d 351, 352; People v Prescott, 300 AD2d 325; People v Johnson, 215 AD2d 258) and did not deprive the defendant of a fair trial since it did not implicate him in any prior misconduct or uncharged crime (see People v Martinez, 164 AD3d at 1262; People v Woody, 9 AD3d 439).
The defendant's contention that the prosecutor improperly elicited on redirect examination of the detective that the defendant had been incarcerated is unpreserved for appellate review (see CPL 470.05[2]). The defendant also waived this contention by defense counsel's affirmative use of that testimony in summation as part of his defense strategy (see People v Clark, 171 AD3d 942, 943; People v Picart, 171 AD3d 799, 801; People v Bryan, 50 AD3d 1049, 1051; People v Holmes, 47 AD3d 946, 946; People v Mims, 30 AD3d 539, 541; People v Blackman, 13 AD3d 640, 641; People v Samuels, 143 AD2d 856). In any event, defense counsel opened the door to this statement by eliciting on cross-examination that the detective had not seen the defendant in the community in the past two years. The People were thus entitled to question the detective on [*2]redirect examination regarding why he had not seen the defendant in the last two years (see People v Massie, 2 NY3d 179, 180-181; People v Rojas, 97 NY2d 32, 39; People v Melendez, 55 NY2d 445, 452; People v McClinton, 187 AD3d 1056, 1057; People v De Los Angeles, 270 AD2d 196, 201, affd sub nom. People v Collins, 96 NY2d 837).
Contrary to the People's contention, the defendant preserved for appellate review his challenge to a complainant's testimony that the defendant had been incarcerated by moving for a mistrial on the specific grounds he raises on appeal (see CPL 470.05[2]). However, the Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial. While error, the challenged testimony was brief and immediately addressed by the court, which struck the challenged testimony and provided the jury with a curative instruction sufficient to dispel any prejudice (see People v Murphy, 151 AD3d 888, 889; People v Johnson, 139 AD3d 967, 975, affd 31 NY3d 942; People v Sanders, 51 AD3d 825; People v Brescia, 41 AD3d 613; People v Smith, 23 AD3d 415).
The defendant's contention that the Supreme Court improperly considered his courtroom conduct as a basis for sentencing is unpreserved for appellate review and, in any event, without merit (see generally People v Farrar, 52 NY2d 302, 305). The defendant also failed to preserve for appellate review his contention that the sentence imposed improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see People v Hurley, 75 NY2d 887, 888; People v Thompson, 119 AD3d 966, 968). In any event, this contention is without merit (see People v Cherry, 127 AD3d 879, 881; People v Romero, 101 AD3d 906, 907). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
To the extent that the defendant contends, in his pro se supplemental brief, that the Supreme Court erred in failing to give a missing witness charge, that contention is unpreserved for appellate review, as the defendant never requested such a charge (see People v Pressley, 200 AD3d 1716; see generally People v Graves, 85 NY2d 1024, 1027), and we decline to reach the contention in the exercise of our interest of justice jurisdiction.
The defendant's contention, raised in his main brief and in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court